**FILED**

**June 3, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **I.B.**

**No. 20-0957** (Raleigh County 17-JA-194-D)

**MEMORANDUM DECISION**

Petitioner Father Z.B., by counsel Daniel J. Burns, appeals the Circuit Court of Raleigh County's November 4, 2020, order denying his motion for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Todd A. Kirby, filed a response on behalf of the child in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner raises several assignments of error related to the circuit court's underlying termination of his parental rights, procedural issues leading up to that decision, and asserts that the denial of his Rule 60(b) motion was in error.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At the outset, it is important to note that the resolution of petitioner's entire appeal turns on a very narrow legal issue that makes addressing the merits of his individual assignments of error unnecessary and, in fact, impossible. Because this case will be resolved by rejecting petitioner's inappropriate motion under an inapplicable Rule of Civil Procedure and his lack of standing to have filed the appropriate motion under the West Virginia Code § 49-4-606, it is unnecessary to give a detailed recitation of the protracted proceedings below. Instead, it is sufficient to set forth the following.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The case was initiated in August of 2017, when the DHHR filed an abuse and neglect petition against petitioner and the child's mother. The initial petition alleged that petitioner's whereabouts were unknown and that the seven-year-old child had been abandoned. Although paternity of the child had not been established early in the proceedings, the mother indicated that she believed petitioner was the child's father. It appears from the record that petitioner was eventually served by way of publication during the proceedings, although he continues to assert that he was not properly served or noticed. Regardless, the record shows that petitioner was eventually adjudicated of abandoning the child and that his parental rights were terminated by order entered on February 2, 2018. It is undisputed that petitioner failed to appeal from this order, and that the period for appealing that order has long since lapsed.

In his brief on appeal, petitioner asserts that "[u]pon information and belief, the [p]etitioner contacted the lower court in late 2019 or early 2020 regarding his parental rights." Thereafter, the court appointed petitioner counsel and ordered that he submit to DNA testing to confirm paternity. The court was clear, however, that "[a]ll prior [o]rders shall remain in full force and effect herein." Petitioner then filed a motion under Rule 60(b) of the Rules of Civil Procedure seeking relief from, or to set aside, the court's dispositional order terminating his parental rights to the child. In the motion, petitioner raised several grounds for relief related to the sufficiency of the petition, lack of notice, and the ultimate termination of his rights, among other allegations. In October of 2020, the court held a hearing on petitioner's motion, at which point the DNA test results confirmed petitioner's paternity. Ultimately, the circuit court denied petitioner's motion. It is from the order denying petitioner's Rule 60(b) motion that he appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[2]The mother voluntarily relinquished her parental rights below. According to respondents, the permanency plan for the child is adoption together with her half-sibling in the sibling's current foster home, while the concurrent permanency plan is adoption in the current foster home.

We find that it is unnecessary to address any of petitioner's claims on appeal because the circuit court clearly erred in even entertaining petitioner's motion for relief from judgment below. All of petitioner's arguments on appeal flow from his assertion that the circuit court abused its discretion in denying his Rule 60(b) motion, but he ignores the fact that this motion should never have been considered. According to Rule 81(a)(7) of the Rules of Civil Procedure, "Rules 5(b), 5(e) and 80 apply, but the other rules do not apply, to juvenile proceedings brought under the provisions of chapter 49 [§ 49-1-1 et seq.] of the West Virginia Code." As such, it is clear that petitioner's motion under Rule 60(b) in the proceedings below was improper and, despite the fact that the circuit court entertained it, we decline to address the substance of petitioner's motion or the circuit court's ruling on appeal.

In essence what petitioner sought through his Rule 60(b) motion was to modify the dispositional order.[3] Motions to modify dispositional orders are governed by West Virginia Code § 49-4-606(a), which provides that

> [u]pon motion of a child, a child's parent or custodian or the department alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing pursuant to section six hundred four of this article and may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests.

However, this Court has been explicit that

> [a] person whose parental rights have been terminated by a final order, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, does not have standing as a "parent," pursuant to [West Virginia Code § 49-4-606], to move for a modification of disposition of the child with respect to whom his/her parental rights have been terminated.

Syl. Pt. 6, *In re Cesar L.*, 221 W. Va. 249, 654 S.E.2d 373 (2007). Given that the circuit court's prior order terminating petitioner's parental rights remained in effect, he lacked standing to file a motion under this statute. As such, there was never a proper motion before the lower court that could have entitled petitioner to relief, meaning that he cannot be entitled to relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 4, 2020, order is hereby affirmed.

Affirmed.

---

[3]In his reply brief before this Court, petitioner asserts that "what the [p]etitioner was seeking below . . . is not a modification, but complete relief from an unlawful termination of his parental rights." Implicit in this assertion is the fact that petitioner sought to modify the court's prior dispositional order by seeking to overturn the termination of his parental rights. As such, this argument is one of semantics and does not entitle petitioner to relief.

**ISSUED**:  June 3, 2021


**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4